NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XUEPING HAN, | No. 13-73181 |
| Petitioner, | Agency No. A089-778-530 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Xueping Han, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Han's testimony and documentary evidence regarding her alleged forced abortions and her employment termination. *See id*. at 1048 (adverse credibility finding reasonable under totality of circumstances); *Wang v. INS*, 352 F.3d 1250, 1257-58 (9th Cir. 2003) (inconsistency between testimony and documentary evidence supported adverse credibility finding). The agency reasonably rejected Han's explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Han's asylum and withholding of removal claims fail. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

The 90-day stay of proceedings granted on October 13, 2015, has expired. Respondent's motion to lift the stay is denied as moot.

**PETITION FOR REVIEW DENIED.**